UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 13-129-DLB

PHILLIP DEAN,                                                PETITIONER,

V.                  **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

GARY BECKSTROM, *Warden,*
*Eastern Kentucky Correctional Complex,*                    RESPONDENT.

*** *** *** ***

## I. INTRODUCTION

Petitioner, Phillip Dean, proceeding *pro se*, filed this habeas corpus action, pursuant to 28 U.S.C. § 2254, challenging his Kentucky state court convictions of Assault in the First Degree and Intimidating a Witness in the Legal Process. [Record Nos. 1; 6]. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having been fully briefed, and for the reasons discussed below, IT IS RECOMMENDED that Dean's Petition be DENIED.

## II. FACTUAL & PROCEDURAL BACKGROUND

Phillip Dean and two other individuals forcibly detained, beat, threatened and attempted to force Alice Brown into the trunk of a car. Brown escaped, though she required hospitalization for serious injuries. [Rs. 11, at 2; 11-3, at 1]. On August 20, 2007, Dean pled guilty to Assault in the First Degree and Intimidating a Witness in the Legal Process in Kenton Circuit Court. [Record No. 11-3, at 6-10].

On October, 18, 2007, the Kenton Circuit Court sentenced Dean to thirteen (13) years

incarceration for his assault charge and five (5) year on his intimidation charge, to run concurrently to one another and consecutively to a separate sentence in a related prosecution that charged him with being a Felon in Possession conviction [R. 11-3, at 8]. Dean did not file a direct appeal, but filed a *pro se* motion to vacate, set aside or correct his conviction pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. [R. 11-3, at 12-23]. Therein, Dean made four (4) arguments for relief: (1) he received ineffective assistance of counsel because counsel failed to challenge his "imperfect self defense;" (2) he received ineffective assistance of counsel because counsel failed to challenge the allegation that he intimidated a witness; (3) he received ineffective assistance of counsel because counsel failed to challenge the credibility of witnesses in his indictment; and (4) the cumulative effect of counsel's errors. On March 12, 2009, the state circuit court entered an order denying his RCr 11.42 motion, finding that Dean had failed to prove ineffective assistance of counsel and that he entered into his plea voluntarily. [R. 1-4., at 31-34]. Dean did not appeal this decision.

Thereafter, on January 10, 2010, Dean, proceeding *pro se,* filed another motion requesting the trial court to amend or correct his judgment and sentence, pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. [R. 11-4, at 35-42]. In this motion, Dean challenged the voluntary nature of his plea, and argued that his plea to Assault in the First Degree should have been rejected by the trial court for two (2) reasons: a) he was intoxicated at the time he committed the offense and 2) his acts did not satisfy each element required of an Assault in the First Degree charge under KRS 508.010. Dean also challenged his counsel's effectiveness in explaining the elements of his assault charge. The state circuit court denied Dean's CR 60.02 motion on August 17, 2010. [R.11-5, at 43-46]. The court specifically reasoned that, as a result of Kentucky procedural filing requirements,

2

the court was only permitted to review Dean's claims to "determine whether any other reason of an extraordinary nature would justify relief under CR 60.02 (f)". The court again found Dean's plea to have been properly entered. In addition, the court noted that Dean was properly convicted of First Degree Assault, in violation of KRS 508.010, as the victim suffered broken bones as a result of Dean's assault and such injuries constitute serious physical injury under both KRS 500.080(15) and Clift v. Commonwealth, 105 S.W.3d 467 (Ky.App. 2003).

On October 7, 2010, Dean filed a *pro se* supplement to his CR 60.02 motion, maintaining that he had not received the circuit court's order denying his motion [R. 11-6, at 47], and he filed a Motion for Discretionary Review with the Kentucky Supreme Court. [R. 11-8, at 104-114]. The Kentucky Supreme Court denied Dean's request for review on August 15, 2012. [R. 11-8, at 120]. The circuit court issued a second order on November 10, 2010 addressing his supplement, which again denied his CR 60.02 motion. [R. 11-6, at 56]. Dean appealed the matter to the Kentucky Court of Appeals, *pro se*.[1] [R. 11-7, at 61-76]. That court affirmed the trial court in an unpublished opinion rendered November 11, 2011. [R. 11-8, at 98-103]. Thereafter, Dean moved in the Kentucky Court of Appeals to reinstate his appeal, but the appellate court denied that request on May 22, 2013. [R. 11-8, at 121-124].

On July 22, 2013, Dean filed his 28 U.S.C. § 2254 petition currently before this Court. Therein, Dean asserts the following four (4) grounds as the basis to vacate, set aside, or correct the state court judgment against him: (1) his guilty plea was not knowingly, intelligently and voluntarily

---

[1] Prior to the perfecting of the appeal, Dean's counsel, the Department of Public Advocacy, moved to withdraw.[R. 11-6, at 57- 59]. The Kentucky Court of Appeals granted that motion. [R. 11-6, at 60]. The facts surrounding Dean's post-conviction representation are unclear, as he filed his RCr 11.42 motion and CR 60.02 motion and supplement for post-conviction relief *pro se*.

3

entered; (2) he could not have formed the intent required to be found guilty of the first degree assault charge because he was voluntarily intoxicated at the time he committed the offense; (3) the trial court abused its discretion by allowing Dean to plead guilty to first degree assault as the facts underlying his offense do not meet the statutory elements of KRS 500.080; and (4) counsel provided constitutionally ineffective assistance of counsel for failing to inform Dean of the elements of his first degree assault charge.

The Commonwealth of Kentucky, on behalf of Gary Beckstrom, has responded to Petitioner's motion and addressed each of his arguments. [R. 11]. Respondent first argues that grounds 1 and 2 are not subject to review by this Court because Dean failed to exhaust his state court remedies. Respondent further asserts that ground 3 is a matter of state law and not subject to review by this Court. Respondent does not address ground 4. The matter is now fully briefed and has been submitted for a recommended disposition from the undersigned.

### III. STANDARD OF REVIEW

Subject to a one-year statute of limitations, state prisoners may seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, law or treaties of the United States. 28 U.S.C. § 2244(d)(1); Reed v. Farley, 512 U.S. 339, 347 (1994). "Federal habeas corpus relief does not lie for errors of state law. . .[and] it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Accordingly, the proper inquiry herein is whether the alleged errors violated the Petitioner's federal rights. Id.

Because Dean filed his habeas petition on July 22, 2013, [R. 1] his claims are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

4

§ 2254. Pursuant to AEDPA, an application for a writ of habeas corpus on behalf of a person in custody on a state court conviction shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

Thus, a federal court may grant a writ of habeas corpus based on a determination of law rendered by a state court under two different clauses. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite that of the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000); White v. Mitchell, 431 F.3d 517, 523 (6th Cir. 2005); Jones v. Jamrog, 414 F.3d 585, 591 (6th Cir. 2005). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." Williams, 529 U.S. at 405.

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts. Id., at 407-08. Significantly, relief is not available if the state court merely applied clearly established federal law erroneously or incorrectly. Id., at 411. The application must be "objectively unreasonable." Id., at 407.;Lordi v. Ishee, 384 F.3d 189, 195 (6th Cir. 2004). Relief is also available under the clause if the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court

precedent to a new context. William, 529 U.S. at 407; Arnett v. Jackson, 393 F.3d 681, 686 (6th Cir. 2004). "The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them." Slagle v. Bagley, 457 F.3d 501, 513 (6th Cir. 2006) (*citing* Early v. Packer, 537 U.S. 3, 8 (2002) (*per curiam*)); *see also* Stewart v. Erwin, 503 F.3d 488, 493 (6th 2007). "Instead, it is sufficient that the result and reasoning are consistent with Supreme Court precedent." Slagle, 457 F.3d at 514; *see also* Stewart, 503 F.3d at 493.

Ultimately, AEDPA's highly deferential standard requires that this Court give the state court decision "the benefit of the doubt." Slagle v. Bagey, 457 F.3d 501, 514 (6th Cir. 2006). A federal habeas court must give complete deference to evidentiary-supported state court findings of fact pursuant to the presumption of correctness now found in 28 U.S.C. § 2254(e)(1). Sumner v. Mata, 455 U.S. 591, 597 (1982). Likewise, this being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel. *See* Cruz v. Beto, 405 U.S. 319 (1972).

## IV.  GROUNDS 1, 2, & 4 - PROCEDURALLY BARRED FROM REVIEW

Before reviewing the merits of a habeas petition, a court should consider any applicable procedural-bar issue which would preclude consideration of claims on the merits. Lambrix v. Singletary, 520 U.S. 518, 524 (1997). In this case, the Respondent correctly asserts that several of Dean's grounds for relief are procedurally barred from review in this proceeding. [2] [R. 11, at 6; 9].

---

[2] Respondent asserted that Petitioner's claims were barred because he failed to exhaust his state remedies. Procedural default is often confused with exhaustion. Exhaustion, however, only "refers to remedies still available at the time [the] federal [habeas] petition" is filed. Engle, 465 U.S. at 125 n. 28. Where state court remedies are no longer available, as is the case here, procedural default, not exhaustion, bars federal habeas review. Id.; Coleman, 501 U.S. at 731-32; Williams, 460 F.3d at 806.

6

The Respondent points out that Dean did not invoke a full round of Kentucy's post-conviction appellate procedure when pursuing his claims for post-conviction relief.

Indeed, a state prisoner may procedurally default a claim for purposes of § 2254 by failing to raise it in the state court, or pursue the claim through the state's ordinary appellate review procedure. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999); Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). Any such claim will be procedurally defaulted if, at the time the prisoner's habeas petition is filed, state law does not permit the prisoner to further pursue the claim. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982). The prisoner will not be allowed to present such claims in a later habeas proceeding unless he can show cause to excuse his failure to present the claims in state court as well as actual prejudice to his defense at trial or on appeal. Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004). A petitioner who is unable to show cause and prejudice may then only obtain habeas review if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence which shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. Dretke v. Haley, 541 U.S. 386, 393 (2004); Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Deitz, 391 F.3d at 808; *see also* Wilson v. Mitchell, 250 F.3d 388, 396-97 (6th Cir. 2001).

As correctly pointed out by the Respondent, Dean did not pursue claim 1, that his plea was unknowing and involuntary, or claim 2, that he could not have formed the intent required to be found guilty of the first degree assault charge because he was voluntarily intoxicated at the time he

7

committed the offense, through Kentucky's ordinary appellate procedure. *See* RCr 12.05[3]. In Kentucky, a defendant may file only *one* post-conviction motion for relief from judgment within three (3) years after the entry of final judgment. RCr 11.42(10) (emphasis added). All possible grounds must be presented in the motion to vacate, as the defendant will thereafter be barred from pursuing any further post-conviction relief. Ky. R. Crim. P. 11.42(3); McQueen v. Commonwealth, 948 S.W.2d 415, 416 (Ky. 1997); Gross v. Commonwealth, 648 S.W.2d 853, 857 (Ky. 1983); *accord* George v. Seabold, 909 F.2d 157, 159 (6th Cir. 1990); Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir. 1987). Dean filed one RCr 11.42 motion, but he did not raise ground 1 or 2 therein. Moreover, he did not appeal the trial court's denial of his RCr 11.42 motion to the Kentucky Court of Appeals. Therefore, he may no longer pursue these claims in Kentucky courts. Accordingly, they are now procedurally defaulted. *See* Hester v. Bottom, No. 5: 12-354-DCR, 2013 U.S. Dist. LEXIS 117473, at *17 (E.D. Ky. Aug. 20, 2013) (citing Shane v. Taylor, Case No. 3:11-CV-643-CRS, 2012 U.S. Dist. LEXIS 185639, at *43-44 n.4 (.D. Ky. July 24, 2012) ("The federal district courts for both the Western and Eastern Districts of Kentucky have held, based on the language of RCr 12.05, that a Kentucky prisoner exhausts his available state court remedies when he presents his claims at trial *and by way of appeal* to the next highest appellate court.") (emphasis added); and Oliver v. Parker, No. 6:10-CV-21-GFVT-HAI, 2012 U.S. Dist. LEXIS

---

[3] RCR 12.05 provides as follows:
In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim.

186537 (E.D. Ky. Aug. 9, 2012) (finding a claim procedurally defaulted under Kentucky law because the petitioner failed to present the claim to the appellate court after the denial of his RCr 11.42 motion)).

In addition, though the Respondent did not construe Dean's filings as liberally as the Court and failed to address ground 4, this ground for relief is also subject to procedural default.[4] Dean did not pursue ground 4, that his trial counsel provided constitutionally ineffective assistance of cousel by failing to inform him of the elements of his first degree assault charge, through one round of Kentucky's post-conviction appellate procedures. In fact, he did not raise ths claim in his RCr 11.42 motion. Put simply, Dean failed to properly present grounds 1, 2, and 4 through Kentucky's ordinary appellate procedure.

The fact that Dean filed a CR 60.02 motion which effectively argued grounds 1, 2, and 4 does not affect this result. Under CR 60.02, a defendant can only raise a challenge not brought in his RCr 11.42 motion if the errors involved were "unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court." Gross v. Commonwealth, 648 S.W.2d 853, 856 (Ky. 1983). There is no indication that the

---

[4]Although federal courts are not required to raise procedural default *sua sponte,* Trest v. Cain, 522 U.S. 87, 89 (1997), neither are they precluded from doing so. Howard v. Bouchard, 405 F.3d 459, 476 (6th Cir. 2005)(citing Lorraine v. Coyle, 291 F.3d 416, 426 (6th Cir. 2002)); Elzy v. United States, 205 F.3d 882, 886 (6th Cir. 2000). "The main concern with raising procedural default *sua sponte* is that a petitioner not be disadvantaged without having had an opportunity to respond." Howard, 405 F.3d at 476. Here, the Respondent clearly articulated that any claim not exhausted in Kentucky state court would be barred from review in this proceeding. [R. 11, at 6; 9]. Dean was thereafter granted an opportunity to reply to the Government's Response. [R. 118; 119]. Accordingly, he was on notice that this claim was subject to procedural default. In addition, he will have the opportunity to respond to the Court's procedural default analysis in any objections to this *Report and Recommendation*.

9

claims raised in Dean's CR 60.02 motion were unknown to him at the time he filed his RCr 11.42 motion. Moreover, Dean specifically withdrew grounds 1, 2, and 4 on appeal from the trial court's denial of his CR 60.02 motion. [R. 11-7, at 65]. As summarized by the appellate court, Dean's "sole argument on appeal [was] that the trial court erred when it did not reject his plea to assault in the first degree." [R. 11-8, at 101].

Beyond reasserting his challenge to the voluntariness of his plea once more, Dean has not presented any explanation regarding the cause for his default or prejudice resulting therefrom. [R. 15]. Therefore, Dean has failed to excuse his procedural default, and grounds 1, 2, and 4 are not subject to review in this habeas proceeding.

## V.  GROUND 3 - STATUTORY ELEMENTS OF FIRST DEGREE ASSAULT

Dean contends that the trial court abused its discretion by allowing him to plead guilty to first degree assault, as defined by Kentucky Revised Statute ("KRS") 508.010. as the facts underlying his offense do not meet the statutory elements of the charge. Specifically, he argues that he never used "a 'deadly weapon' or caused injury to the victim manifesting 'extreme indifference to the value of human life'" as required by KRS. 500.080. [R. 6, at 4].

As correctly pointed out by the Respondent, [R. 11, at 8], this is a matter which rests entirely upon state law, and, accordingly, review by this Court is not appropriate. A state courts' interpretations of state law is binding on federal habeas corpus courts. The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); (Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). A federal appellate court is bound by the state

court's determination of its own law. Houston v. Dutton, 50 F.3d 381 (6th Cir. 1995); Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986); Israfil v. Russell, 276 F.3d 768 (6th Cir. 2001); Davis v. Straub, 430 F.3d 281, 290-291 (6th Cir. 2005).

Indeed, the Kentucky Courts specifically relied on Kentucky's interpretation of its own law when affirming Dean's First Degree Assault conviction. [R. 11-8, at 102-103]. In reviewing his First Degree Assault conviction as challenged in Dean's CR 60.02 motion, the trial court cited KRS 500.080(15) which states that "serious physical injury means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairments of the function of any bodily organ." The court noted "the record reflects that the victim suffered broken bones, which has been held sufficient to support a finding of the prolonged loss of impairment of the function of any bodily organ as to constitute physical injury." [R. 11-5, at 46 (citing Clift v. Commonwealth, 105 S.W.3d 467 (Ky. App. 2003)]. In affirming the trial court's denial of Dean's CR 60.02 motion, the Kentucky Court of Appeals specifically cited the following definition of KRS 508.010:

> (1) A person is guilty of assault in the first degree when:
>
> (a) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or
>
> (b) Under circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person...

The appellate court then applied Kentucky law to the facts of the case, reasoning as follows:

> use of a gun is not necessary for a person to be found guilty of assault in the first degree. Per the language of the statute, Dean was guilty of first-degree assault if he demonstrated "extreme indifference to human life" and thereby caused serious physical injury to another person. Given the evidence that the victim suffered broken bones and required hospitalization, the evidence clearly supported a conviction of

assault in the first degree.

[R. 11-8, at 102-103]. Hence, the court's reasoning overruling Dean's challenge to his first Degree Assault charge rested upon Kentucky statutes and Kentucky case law interpreting those statutes. Thus, it is not within the province of this Court to review the affirmation of Dean's First Degree Assault conviction as he has set forth in his petition for habeas relief. Ground 3 is not cognizable in this proceeding.

## VI. CONCLUSION

None of the grounds which Dean asserts provide a basis to grant him relief pursuant to 28 U.S.C. § 2254. For the reasons set forth above, IT IS RECOMMENDED THAT Dean's petition for writ of habeas corpus, including his requests for appointed counsel and for an evidentiary hearing, [R. 1] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appellate rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 22, 2014.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge