UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 13-129-DLB-EBA**

PHILLIP DEAN                                                                PETITIONER

vs.              **ORDER ADOPTING REPORT & RECOMMENDATION**

GARY BECKSTROM, *Warden*                                     RESPONDENT

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Magistrate Judge's Report and Recommendation (R&R) (Doc. # 16), wherein he recommends that Petitioner Phillip Dean's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner timely filed objections to the Magistrate's R&R. (Doc. # 17). Respondent having filed no response, and the time for submitting such response having expired, the R&R and Petitioner's objections thereto are ripe for review. For the reasons that follow, Petitioner's objections are **overruled**, and the R&R is **adopted** as the opinion of the Court.

On October 18, 2007, the Kenton County Circuit Court convicted Dean on charges of assault and intimidating a witness. (Doc. # 16 at 1-3). Dean did not appeal his conviction directly, but instead filed a *pro se* motion to vacate, set aside or correct sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. (*Id.*) His motion was denied on March 12, 2009, and Dean never appealed this ruling. Thereafter, he moved the trial court to amend or correct his sentence pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure (CR). (*Id.*) This motion was also denied. Dean appealed, but the Kentucky Court

1

of Appeals affirmed on November 11, 2011. Finally, Dean sought discretionary review with the Supreme Court of Kentucky, and was denied yet again on August 15, 2012. (*Id.*)

On July 22, 2013, Dean filed the instant § 2254 petition, asserting the following four grounds for relief: (1) his guilty plea was not knowing, intelligent and voluntary, (2) he could not have formed the requisite intent for first-degree assault because he was voluntarily intoxicated when the offense was committed, (3) it was an abuse of discretion to allow him to plead guilty to first-degree assault because the statutory elements of that offense are not supported by the facts, and (4) he was deprived of effective assistance of counsel because his attorney failed to apprise him of the elements of first-degree assault. (Doc. # 6 at 2-5).

For purposes of § 2254, procedural default occurs where a prisoner is barred from pursuing his claim any further under state law at the time his habeas petition is filed. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In Kentucky, a motion filed pursuant to RCr 11.42 "shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." Ky. R. Crim. P. 11.42(3). Thus, a state prisoner is typically limited to one motion under RCr 11.42, and unless he can show cause and actual prejudice, he risks procedural default by failing to raise all claims for relief in state court, or through the state's ordinary appellate process. *See Coleman*, 501 U.S. at 750; *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

In his R&R, the Magistrate Judge found that grounds 1, 2 and 4 were procedurally defaulted because Dean failed to raise any of these claims in his RCr 11.42 motion; failed to appeal the denial of his RCr 11.42 motion; and never filed a direct appeal from his original judgment. (Doc. #16 at 8-9). Moreover, Dean's subsequent motion under CR 60.02

was found not affect this outcome. (Doc. #16 at 9). Though grounds 1, 2 and 4 were included in his CR 60.02 motion, the Magistrate Judge saw no evidence suggesting these claims were unknown to Dean when the RCr 11.42 motion was filed. (*Id.*) And a claim that is omitted from a RCr 11.42 motion can only thereafter be brought under CR 60.02 if the errors involved were "unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court." *See Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

As for ground 3, Dean insists that the statutory elements of first-degree assault are not supported by the facts because he did not use a "deadly weapon" and never manifested an "extreme indifference to the value of human life." (Doc. # 6 at 4). However, in his R&R, the Magistrate Judge found that such matters rested entirely upon state law, and were therefore improper for federal review, noting the United State Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." (Doc. # 16 at 10); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

Objections to a magistrate judge's report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C). The Sixth Circuit Court of Appeals has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation are ineffective and insufficient to preserve

3

the right of appeal. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

While Dean's objections to the R&R are sufficiently specific, they are without merit nonetheless. First, under the heading "Procedural-Bar Issue," Dean asks the Court to apply the doctrine of equitable tolling. (Doc. # 17 at 3). This objection fails because equitable tolling does not function to excuse procedural default; rather, it allows courts to toll a statute of limitations in the event of a litigant's noncompliance therewith, which is not at issue here because Dean satisfied the one-year period required by 28 U.S.C. § 2244(d)(1). *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). Second, under the heading "Elements of the Crime," Dean reiterates the same arguments from his petition concerning the statutory elements of first-degree assault. (Doc. # 17 at 3). However, as noted in the R&R, this objection also fails because such issues are not proper for federal review.

Additionally, on July 15, 2014, after the filing of the R&R and Dean's objections thereto, the Court ordered Dean to submit a supplemental pleading, asking him to clarify a statement in his original petition suggesting that Dean's attorney told him that he was unable to file an appeal. (Doc. # 18). The purpose of that Order was to explore a possible source of cause for Dean's procedural default; however, Dean failed to provide any type of response to the Court's request.

The Court having reviewed the entire record and the R&R, having considered *de novo* the objections filed thereto by petitioner, and concluding that the R&R is sound in all respects, including the recommended disposition, and being otherwise sufficiently advised,

4

**IT IS ORDERED** as follows:

(1) Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 17) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 16) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) is hereby **DENIED**;

(4) The matter is hereby **DISMISSED** and **STRICKEN** from the active docket of this Court; and

(5) The Court determines there would be no arguable merit to an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 27th day of October, 2014.



Signed By:
David L. Bunning
United States District Judge

\\156.125.121.215\bunning$\DATA\ORDERS\Cov13\13-129 Adopting R&R 2254.wpd